UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| THOR TECH, INC., a Nevada Corporation, and AIRSTREAM, INC., a Nevada Corporation<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>LIVING AIRSTREAM, LLC, a Colorado limited liability company, and<br><br>WILLIAM FREDERICK WARD III, an individual resident of Colorado,<br><br>　　　　　　　　Defendants. | CASE NO. 1:15-cv-2830<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1.　**FEDERAL TRADEMARK INFRINGEMENT;**<br><br>2.　**FALSE DESIGNATIONS OF ORIGIN & FALSE DESCRIPTIONS**<br><br>3.　**COLORADO DECEPTIVE TRADE PRACTICES**<br><br>4.　**COMMON LAW UNFAIR COMPETITION**<br><br>5.　**DILUTION**<br><br>　　**JURY TRIAL DEMANDED** |

　　　　Plaintiffs **Thor Tech, Inc.** and **Airstream, Inc.** (collectively, "Airstream") in support of their claims against Defendants **William Frederick Ward III** ("Ward") and **Living Airstream, LLC** ("Living Airstream") (collectively, "Defendants") hereby allege as follows:

## JURISDICTION AND VENUE

　　　　1.　Airstream files this action against Defendants for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the state of Colorado.

　　　　2.　This Court has subject matter jurisdiction over the Federal trademark infringement claims under 28 U.S.C. §§1121(a), 1331, 1338, and 1367.

3. This Court has personal jurisdiction over Ward on the basis that he is a Colorado resident residing in this judicial district. In addition, this action arises out of wrongful acts, including advertising, offering for sale, selling, and distributing goods under a false trademark designation within this judicial district.

4. This Court has personal jurisdiction over Living Airstream on the basis that it is a Colorado limited liability company that conducts business in this judicial district. In addition, this action arises out of wrongful acts, including advertising, offering for sale, selling, and distributing and providing goods and services under a false trademark designation within this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district and the Defendants reside in this district.

## THE PARTIES

6. Plaintiff Thor Tech, Inc. ("Thor Tech") is a corporation organized and existing under the laws of the state of Nevada, which has its principal place of business in Elkhart, Indiana. Thor Tech is the owner of numerous AIRSTREAM trademarks and a registered trademark covering the distinctive trade dress associated with the AIRSTREAM travel trailer (collectively, the "AIRSTREAM Marks"), the infringement of which forms the basis of this complaint.

7. Plaintiff Airstream, Inc. is a corporation organized and existing under the laws of the state of Nevada, which has its principal place of business in Jackson Center, Ohio. Airstream, Inc. manufactures and sells recreational vehicles, including travel trailers and motor homes, under the AIRSTREAM Marks, and it is the primary licensee of the famous AIRSTREAM Marks, the infringement of which forms the basis of this complaint.

8. Upon information and belief, Living Airstream is limited liability company organized under the laws of the State of Colorado with a principal place

of business at 951 20th Street, Suite 13501, Denver, CO 80201 and e-mail addresses of Info@LivingAirstream.com and Bill@LivingAirstream.com.

9. Upon information and belief, Living Airstream was organized as a limited liability company on or about June 12, 2014.

10. Upon information and belief, Ward conducted business in his individual capacity under the names "Living Airstream" and "Airstream Party" prior to June 12, 2014.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The AIRSTREAM Brand

11. Airstream has used AIRSTREAM as a trade name, trademark, and service mark since the 1930s in connection with its iconic luxury recreational vehicles ("RVs"), recognizable by their distinctive rounded aluminum shape.

12. In 1931, Airstream's founder, Wally Byam, opened the first Airstream factory in Southern California.

13. Since that time—for almost eighty-five years—AIRSTREAM RVs have been manufactured in the United States, and the company, which now employs over 500 people, is known to be the oldest in the industry.

14. The streamlined, aerodynamic design of the AIRSTREAM trailer has distinguished it from all other vehicles in its class and has cemented AIRSTREAM in the minds of consumers as an iconic American brand.

15. In 1987, Money magazine chose the AIRSTREAM travel trailer as one of "99 things that, yes, Americans make best" alongside Coca-Cola and Heinz ketchup, other undisputed titans of American industry.

16. The unparalleled silver-bullet design and riveted-aluminum construction of AIRSTREAM RVs have endured the test of time, causing the AIRSTREAM brand to achieve worldwide fame.

17. In addition to numerous worldwide registrations, Airstream owns numerous trademark and service mark registrations in the United States in connection with its famous AIRSTREAM Brand. These include registrations for trailers (Reg. No. 607224), including the trailer's trade dress design (Reg. No. 3534143); motor homes (Reg. No. 1189944); lodging services utilizing recreational vehicles (Reg. No. 4704610); for the repair, maintenance, and custom manufacture of land vehicles (Reg. No. 3144417); for recreational vehicle rental services (Reg. No. 4573793); and for a wide variety of apparel and consumer goods (Reg. Nos. 3838383, 4118841, 3790813, 1597528, 2598896, 2579859, 3275593). Airstream also owns a trademark registration (by assignment) for the AIRSTREAM PHOTO BOOTH Mark (Reg. No. 4,342,082; covering rental of portable photography and videography booths). Attached hereto and incorporated herein as **Exhibit 1** are true and correct copies of Airstream's registered U.S. trademarks for the AIRSTREAM Marks.

18. Airstream also owns domain names incorporating the AIRSTREAM Marks, including AIRSTREAM.COM, AIRSTREAM.XXX, AIRSTREAMAUTOBAHN.COM, AIRSTREAMCARAVANS.COM.AU, AIRSTREAMER.BIZ, AIRSTREAMER.COM, AIRSTREAMER.NAME, AIRSTREAMER.NET, AIRSTREAMERFORUMS.BIZ, AIRSTREAMERFORUMS.COM, AIRSTREAMERFORUMS.INFO, AIRSTREAMERFORUMS.NAME, AIRSTREAMERFORUMS.NET, AIRSTREAMERFORUMS.ORG, AIRSTREAMFORUMS.COM, AIRSTREAMPHOTOS.COM, AIRSTREAMRV.COM, AIRSTREAM-RV.COM, AIRSTREAMRV.COM.AU, AIRSTREAMSITES.COM, AIRSTREAMTECH.COM, AIRSTREAMWELLNESS.COM (collectively, the "Airstream Domain Names").

4

19. Many of the Airstream Domain Names redirect users to the official Airstream website, located www.airstream.com (the "Airstream Website"), where Airstream advertises and promotes its line of luxury recreational vehicles and related services and sells various AIRSTREAM-branded apparel and consumer goods.

20. Airstream has ensured that products bearing the AIRSTREAM Marks are manufactured to the highest quality standards. In 2006, it was estimated that 65% of the AIRSTREAM vehicles created since 1931 remain on the open road.

21. As a result, consumers identify AIRSTREAM as an eminently reliable source for recreational vehicles and related goods and services, and the AIRSTREAM Marks are famous in the United States and worldwide.

**A.    Defendants' Infringing Use of the AIRSTREAM Marks**

22. Upon information and belief, Defendants registered the domain names "LivingAirstream.com" and "AirstreamParty.com" (the "Infringing Domain Names"). Attached hereto and incorporated herein as **Exhibit 2** is a true and correct copy of a printout from the ICANN WHOIS registrar, which identifies Bill Ward of Living Airstream as the registrant of the Infringing Domain Names.

23. The Infringing Domain Names incorporate the famous AIRSTREAM Mark in its entirety with the mere inclusion of the modifier "Living" or "Party," which falsely suggests to consumers that the Infringing Domain Names belong to an organization that is sponsored or endorsed by Airstream and/or that is affiliated with Airstream.

24. Upon information and belief, Defendants have used and continue to use the Infringing Domain Names to operate websites located at www.livingairstream.com and www.airstreamparty.com, which Defendants used and continue to use to promote and run a business renting recreational vehicles

5

under the trade names "Living Airstream" and "Airstream Party" (the "Infringing Trade Names").

25. The Infringing Trade Names incorporate the AIRSTREAM Mark in its entirety with the mere inclusion of the modifier "Living" or "Party," which falsely suggests to consumers that the Infringing Domain Names belong to an organization that is sponsored or endorsed by Airstream and/or that is affiliated with Airstream.

B. **Defendants' Infringement Is Deliberate and Willful.**

26. Defendants were undoubtedly aware of the consumer confusion that would result from their use of the Infringing Domain Names and the Infringing Trade Names (collectively, "the Infringing Marks") given the immense fame and numerous federal registrations of the AIRSTREAM Marks.

27. In addition, Airstream put Defendants on actual notice that it objected to their use of the Infringing Marks.

28. On or about May 5, 2014, Airstream sent Living Airstream a legal demand letter (the "May 5, 2014 Demand Letter") in which Airstream explained the nature of its rights in the AIRSTREAM Marks and its concern that consumers were "likely to believe that Airstream sponsors or endorses [Living Airstream's] rental business . . . ." Airstream demanded that Living Airstream cease use of the Infringing Marks and remove Airstream's copyright-protected images from the Infringing Website. Airstream cautioned that if it was forced to commence litigation to enforce its rights, Living Airstream could potentially be held liable for monetary damages, including, in the case of willfulness, the possibility of treble damages, as well as for Airstream's attorneys' fees and costs. Attached hereto as **Exhibit 3** and incorporated by reference herein is a true and correct copy of the May 5, 2014 Demand Letter.

29. Although the May 5, 2014 demand letter was sent to two addresses then appearing on Living Airstream's websites as appropriate contact addresses, the certified mailings were returned to Airstream with an indication that the addresses were incorrect and that the Post Office was unable to forward the letters.

30. On June 3, 2014, Airstream sent Living Airstream a second demand letter (the June 3, 2014 Demand Letter) to two new addresses gathered from Living Airstream's websites. Attached hereto as **Exhibit 4** and incorporated by reference herein is a true and correct copy of the June 3, 2014 Demand Letter. One of these addresses, 951 20th Street, Suite 13501, Denver CO was subsequently identified in a filing with the Colorado Secretary of State to be Living Airstream's principal business address and remains the address of the company's registered agent. **See Exhibits 5 and 6.** The second address, 945 Taraval Street #221, San Francisco, CA 94116, was and is identified as a valid address on the AirstreamParty.com website's "Contact" page.

31. The June 3, 2014 Demand Letter was again returned. The letter sent to the 951 20th Street address was returned "unclaimed." The letter sent to 945 Taraval Street was returned "attempted—not known, unable to forward."

32. On or about July 22, 2014, Airstream sent Living Airstream a third demand letter (the "July 22, 2014 E-Mail"). This letter was sent via email to three addresses gathered from the LivingAirstream.com and AirstreamParty.com websites, namely: info@LivingAirstream.com, Bill@LivingAirstream.com, and Billjr@LivingAirstream.com. Attached to the July 22, 2014 E-Mail was a copy of the May 5, 2014 Demand Letter. Attached hereto as **Exhibit 7** and incorporated by reference herein is a true and correct copy of the July 22, 2014 E-Mail.

33. After receiving no response to the July 22, 2014 E-Mail, Airstream sent another demand letter to Living Airstream on January 22, 2015 (the "January 22, 2015 Demand Letter"). This letter was also returned "unclaimed." Attached

7

hereto as **Exhibit 8** and incorporated by reference herein is a true and correct copy of the January 22, 2015 Demand Letter.

34. After receiving no response to the January 22, 2015 Demand Letter, Airstream sent a final demand letter to Living Airstream on July 10, 2015 (the "July 10, 2015 Demand Letter"). Attached hereto as **Exhibit 9** and incorporated by reference herein is a true and correct copy of the July 10, 2015 Demand Letter and accompanying E-mail.

35. Included with the July 10, 2015 Demand Letter was a draft complaint. On July 21, 2015, under threat of litigation, Ward finally responded to Airstream's July 10, 2015 Demand Letter.

36. Thereafter, Ward and Airstream's counsel engaged in a number of discussions in an attempt to settle the dispute without resort to litigation. During those discussions, Ward requested that Airstream approve Defendants' prospective use of SHARESTREAM and variations thereof as replacement trademarks and trade names. Airstream rejected Ward's request, informing Ward that SHARESTREAM is confusingly similar to AIRSTREAM, and, if adopted and used by Defendants, would infringe Airstream's AIRSTREAM Marks.

37. Despite Airstream's stated objection, Defendants initiated use of SHARESTREAM on its www.livingairstream.com and www.airstreamparty.com web sites in addition to its continued use of Living Airstream.

38. Upon information and belief, Ward registered the domain name "Sharestreamer.com" on or about June 23, 2015. Attached hereto and incorporated herein by reference as **Exhibit 10** is a true and correct copy of a printout from the ICANN WHOIS registrar, which identifies Bill Ward of Living Airstream as the registrant of the infringing "Sharestreamer.com" domain name.

39. Despite constructive and actual notice of Airstream's intellectual property rights and Airstream's repeated objections to Defendants' unauthorized

8

use of the Infringing Marks, Living Airstream's use of the Infringing Marks (now including SHARESTREAM) has continued unabated, forcing Airstream to bring this action to protect its rights.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

40. Airstream incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41. Airstream's AIRSTREAM Mark is nationally recognized, including within the State of Colorado, as being affixed to goods and merchandise and used in connection with services of the highest quality, which originate from Airstream.

42. The registrations for Airstream's AIRSTREAM Marks are in full force and effect, and Airstream has authorized a limited number of approved dealers to sell, and one exclusive licensee to rent, AIRSTREAM-branded vehicles.

43. Defendants' unauthorized use of the Infringing Marks constitutes a false designation of origin and a false representation that the businesses operated by Defendants is offered, sponsored, authorized, licensed by, or otherwise connected with, Airstream.

44. Defendants' use of the AIRSTREAM Marks is without Airstream's permission or authority and is in total disregard of Airstream's right to control its trademarks.

45. Defendants' infringing activities are likely to lead to and result in consumer confusion, mistake, or deception, including without limitation initial interest confusion, and are likely to cause the public to believe that Airstream has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' "Living Airstream" and "Airstream Party" RV rental business, to the detriment of Airstream and its licensees.

46. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Airstream and reap the benefit of Airstream's goodwill associated with the AIRSTREAM Marks.

47. As a direct and proximate result of Defendants' willful and unlawful conduct, Airstream has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from infringing Airstream's AIRSTREAM Marks.

48. Airstream has no adequate remedy at law.

49. In light of the foregoing, Airstream is entitled to injunctive relief prohibiting Defendants from using Airstream's AIRSTREAM Marks, or any marks confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Airstream has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
**(False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))**

50. Airstream incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51. Defendants' unauthorized use of Airstream's AIRSTREAM Marks in connection with the advertisement and sale of their own services constitutes false designation of origin and a false representation that the services offered by Defendants are sponsored, authorized, licensed by, or otherwise connected with Airstream, when, in fact, they are not.

52. Defendants' use of Airstream's AIRSTREAM Marks is without Airstream's permission or authority and is in total disregard of Airstream's rights to control its trademarks.

53. Defendants' infringement is likely to lead to and result in consumer confusion, mistake, or deception, and is likely to cause the public to believe that Airstream has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, to the detriment of Airstream.

54. Airstream has no adequate remedy at law.

55. In light of the foregoing, Airstream is entitled to injunctive relief prohibiting Defendants from using any of Airstream's registered marks, including the AIRSTREAM Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Airstream has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Colorado Deceptive Trade Practices – Colo. Rev. Stat. § 6-1 et seq.)

58. Airstream incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

59. Defendants' unauthorized use of Airstream's AIRSTREAM Marks in connection with the advertisement and sale of their own services constitutes false designation of origin and a false representation that the services offered by Defendants are sponsored, authorized, licensed by, or otherwise connected with Airstream, when in fact they are not.

60. Defendants' infringement is likely to lead to and result in consumer confusion, mistake or deception, and is likely to cause the public to believe that

11

Airstream has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, to the detriment of Airstream.

61. Defendants' acts constitute deceptive trade practices and unfair competition under Colorado statutory law.

62. Airstream has no adequate remedy at law.

63. In light of the foregoing, Airstream is entitled to injunctive relief prohibiting Defendants from using any of Airstream's registered marks, including the AIRSTREAM Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Airstream has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, the costs of this action and up to treble damages pursuant to Colo. Rev. Stat. § 6-1 et seq.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

64. Airstream incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

65. Airstream owns and enjoys common law trademark rights in the AIRSTREAM Marks in Colorado and throughout the United States.

66. Defendants' unlawful acts in appropriating rights in Airstream's common law trademarks were intended to capitalize on Airstream's goodwill for Defendants' own pecuniary gain.  Airstream has expended substantial time, resources, and effort to obtain an excellent reputation for itself and its family of AIRSTREAM Marks.  Because of Airstream's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Airstream.

67. Defendants' unauthorized use of Airstream's AIRSTREAM Marks has caused and is likely to cause confusion as to the source of Defendants' rental services to the detriment of Airstream and its exclusive licensees.

68. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Airstream.

69. Defendants' acts constitute unfair competition under Federal law and Colorado state and common law.

70. Airstream has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

71. The conduct complained of herein was inflicted on Airstream in reckless disregard of Airstream's rights. Defendants' blatant infringement is harmful to Airstream and supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

72. Airstream has no adequate remedy at law.

73. In light of the foregoing, Airstream is entitled to injunctive relief prohibiting Defendants from using any of Airstream's registered marks, including the AIRSTREAM Marks, and to recover all damages, including attorneys' fees, that Airstream has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of the infringing acts alleged above in an amount not yet known, and the costs of this action.

### FIFTH CLAIM FOR RELIEF
**(Dilution under Section 43(c) of the Lanham Act)**

74. Airstream incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

75. This Claim arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

76. Airstream's AIRSTREAM Marks are famous marks. Defendants' acts alleged herein dilute the distinctive quality of Airstream's Marks. Defendants' unlawful conduct will continue to damage Airstream unless enjoined by this Court.

77. Airstream has no adequate remedy at law.

78. In light of the foregoing, Airstream is entitled to injunctive relief prohibiting Defendants from using any of Airstream's registered marks, including the AIRSTREAM Marks, and to recover all damages, including attorneys' fees, that Airstream has sustained and will sustain and all gains, profits, and advantages obtained by Defendants as a result of the infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Thor Tech, Inc. and Airstream, Inc. respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their members, directors, officers, agents, employees, and attorneys, and all persons or entities in active concert or participation with Defendants from using the Infringing Marks, including, but not limited to:

(a) prohibiting the use of the Infringing Domain Names or any other confusingly similar trademarks to promote Defendants' rental businesses;

(b) prohibiting the use of the Infringing Trade Names or any other confusingly similar trademarks to promote Defendants' rental businesses;

        (c)    prohibiting the use of SHARESTREAM and the "Sharestreamer.com" domain name, or any other confusingly similar trademarks to promote Defendants' rental businesses;

        (d)    prohibiting any other act that falsely represents, or which has the effect of falsely representing, that the services offered by Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Airstream;

    2.    Ordering Defendants to file with this Court and serve on Airstream within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    3.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

    4.    Awarding Airstream all of Living Defendants' profits and all damages sustained by Airstream as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

    5.    Awarding up to treble damages in the amount of Defendants' profits or Airstream's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(a);

    6.    Awarding applicable interest, costs, and disbursements, pursuant to 15 U.S.C. § 1117(a);

    7.    Finding that this is an exceptional case and awarding Airstream's attorneys' fees pursuant to 15 U.S.C. §1117(a);

    8.    Such other relief as may be just and proper.

DATED: December 30, 2015  */s/ Rachael L. Rodman*_____
Rachael L. Rodman
rachael.rodman@dinsmore.com
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8188
Facsimile: (513) 977-8141

James A. Pinto (CO BAR # 26,218)
james.pinto@dinsmore.com
Dinsmore & Shohl LLP
1801 Broadway
Suite 1700
Denver, CO 80202
Telephone: (303) 296-3996
Facsimile: (303) 296-0344

***Attorneys for Plaintiffs,***
***Thor Tech, Inc. and Airstream, Inc.***

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

DATED: December 30, 2015    DINSMORE & SHOHL LLP

By: */s/ Rachael L. Rodman*_____
Rachael L. Rodman
***Attorney for Plaintiffs,***
***Thor Tech, Inc. and Airstream, Inc.***